UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

**PEDRO FRANCISCO DURAN**,

                Plaintiff,

– against –

**EL MALECON RESTAURANT BAR INC.**, *d/b/a El Malecon Restaurant*, **VICTOR NUNEZ,** *d/b/a El Malecon Restaurant*, and **JOSE MANUEL GUERRERO**, *d/b/a El Malecon Restaurant*.

                Defendants.

---------------------------------------------------------------- X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

22-CV-116 (AMD) (PK)

**ANN M. DONNELLY**, United States District Judge:

On January 7, 2022, the plaintiff commenced this action against the defendants, pursuant to the Fair Labor Standards Act and New York Labor Law, for unpaid overtime wages, minimum wages, liquidated damages, notice violations, spread of hours violations, attorneys' fees, costs and pre- and post-judgment interest. (ECF No. 1 ¶¶ 1-2.)

On May 20, 2022, the parties[1] filed a motion for approval of their settlement agreement (ECF No. 12), and on May 23, 2022, I referred the settlement motion to Magistrate Judge Peggy Kuo for report and recommendation. Judge Kuo held a *Cheeks* hearing on July 6, 2022, and issued a Report and Recommendation on July 13, 2022, recommending that the settlement be approved. (July 13, 2022 Order.) Judge Kuo also recommended that I grant the plaintiff permission to dismiss El Malecon Restaurant Bar Inc. because it has not appeared, and it cannot stipulate to dismissal. (*Id.*) On July 14, 2022, the plaintiff filed a motion to dismiss the

---

[1] The plaintiff, Victor Nunez and Jose Manuel Guerreo filed the settlement motion. The corporate defendant, El Malecon Restaurant Bar Inc., has not appeared through counsel.

corporate defendant.  (ECF No. 14.)  No objections have been filed to the Report and Recommendation, and the time for doing so has passed.

A district court reviewing a Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  If no party objects to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

I have carefully reviewed Judge Kuo's well-reasoned Report and Recommendation for clear error and find none.  Accordingly, I adopt the Report and Recommendation in its entirety.  The motion for settlement approval is granted.  Additionally, the motion to dismiss the corporate defendant is granted.  Failure by the corporate defendant to appear does not preclude approval of the settlement agreement.  *Jun Cui v. O2 Korean BBQ*, No. 19-CV-2794, 2020 WL 7034369, at *2 (E.D.N.Y. Feb. 11, 2020) ("The Court does not believe that the absence of an appearance by the corporate entity at any point, including at the *Cheeks* hearing, precludes approval of the Settlement Agreement.").  Moreover, the Court has the authority to dismiss the corporate defendant, because it has not appeared.  *Id.* ("The Court should . . . give effect to Plaintiff's notice of voluntary dismissal, which can be done since neither Defendant has answered or moved for summary judgment, and thereby dismiss the action without having to approve a stipulation signed by a defendant that cannot appear on a *pro se* basis.").

**SO ORDERED.**

                                                  s/Ann M. Donnelly
                                       _____
                                       ANN M. DONNELLY
                                       United States District Judge

Dated:  Brooklyn, New York
         September 15, 2022